UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO. 5:21cr17-MW

**TYLER WESLEY SHELTON**
_____/

**MOTION FOR APPOINTMENT OF COUNSEL**

COMES NOW, the Defendant, TYLER SHELTON, pursuant to 18 U.S.C. § 3006A(a)(2), and requests this Honorable Court appoint the Federal Public Defender for the Northern District of Florida to represent him to investigate and prepare any appropriate post-conviction motions in his case. The grounds in support of this motion are as follows:

1. Mr. Shelton was charged in this case in a two-count indictment with possession with intent to distribute more than 50 grams of methamphetamine and cocaine and possession of a firearm and ammunition as a convicted felon. The Federal Public Defender represented Mr. Shelton in his case in the district court and on appeal.

2. This case involved three search warrants. Mr. Shelton filed a Corrected Motion to Suppress in his case. ECF No. 24. In short, Mr. Shelton argued the first

affidavit in support of the search warrant was insufficient to establish probable cause because the affidavit "lack[ed] any claim that the 'confidential sources' were reliable," failed to mention whether the criminal charges resulted in convictions, failed to mention how many people approached residence, failed to mention the length of the surveillance, and failed to mention the length of the "stays," describing them only as "short." ECF No. 24, p 2. Mr. Shelton further argued that because the first affidavit lacked probable cause, the evidence seized as the result of the second and third searches was also inadmissible as the "fruit of the poisonous tree." ECF No. 24, pp 4-6, 9. The government argued the court should deny the motion because the *Leon* good faith exception to the exclusionary rule applied to this case. ECF No. 29, pp 1, 2. Mr. Shelton argued the *Leon* good faith exception did not apply.

    3.    This Court ruled that "the good faith exception does apply because it was not entirely unreasonable for this law enforcement officer to believe that he wrote—what he wrote—in the affidavit would be sufficient to support a finding of probable cause." ECF No. 58, p. 15. This Court cited several factors. First, there were multiple sources reporting distribution of drugs from the residence. ECF No. 58, p. 15. Second, a confidential source identified the individuals connected with the home, and "the fact that multiple folks that appear to be unrelated provided information regarding the same residence, those multiple sources corroborate one

2

another." ECF No. 58, p. 16. And the fact that the person identified by the confidential source has been arrested "on charges of possession of a controlled substance" provides further corroboration. ECF No. 58, pp. 16, 18. Finally, the officers do have training and experience to assist them in identifying whether traffic going to and from a home indicates drug distribution activity. ECF No. 58, p. 17. The Court found that these facts, taken together, warrant the application of the Leon good faith exception to the exclusionary rule. ECF No. 58, pp. 17-18. The motion to suppress was denied. ECF No. 58, p. 18.

    4.    After his motion to suppress evidence was denied and preserved for appellate review, Mr. Shelton pled guilty to both counts. ECF No. 39. After a hearing, this Court imposed concurrent terms of 72 months in prison on each count. ECF No. 47.

    5.    On appeal, again, the issue was whether the *Leon* good faith exception applied. The government argued that "it was not unreasonable for Inv. Williams and the Bay County Sheriff's Office to believe it had probable cause to conduct the K9 search based on the information contained in the affidavit." Brief of Plaintiff-Appellee United States of America, Case No. 21-14362. The Eleventh Circuit affirmed. ECF No. 64.

6. The law enforcement officer who provided the affidavits for the search warrants, led the investigation, and directed the searches at issue in the case was Investigator Erin Williams of the Bay County Sheriff's Office.

7. It has recently been revealed publicly that BCSO officer Erin Williams in under investigator for alleged false statements about confidential informants in probable cause affidavits and in testimony before the courts. According to recent published articles published in October 2023, the ongoing investigation is Williams's third in the past two years.[1] The most recent investigation concerns Williams's alleged false testimony regarding a CI that led to the convictions of individuals before the state circuit court in Bay County, Florida.

8. While the investigation is reportedly ongoing, the State Attorney's Office for the 14th Judicial Circuit of Florida has already acted in at least nine cases affected by Williams's misconduct by either agreeing to the defendant withdrawing their plea and vacating their sentence, or by entering a nolle prosequi. The motions to set aside pleas and vacate were based on "[p]reviously undiscovered facts [that]

---

[1] See S. Brady Calhoun & Jack Hull, Alleged deputy misconduct caused trafficking cases to be dropped, MYPANHANDLE.COM, Oct. 3, 2023, https://www.mypanhandle.com/news/local-news/bay-county/panama-city/alleged-deputy-misconduct-caused-trafficking-cases-to-be-dropped/; S. Brady Calhoun & Tom Lewis, Another case dropped after alleged deputy misconduct, MYPANHANDLE.COM, Oct. 4, 2023, https://www.mypanhandle.com/news/local-news/bay-county/another-case-dropped-after-alleged-deputy-misconduct/.

raise concerns about the prosecution" and the nolle prosequis were based on "recently discovered facts [that show] that the State cannot prove the charges beyond a reasonable doubt." *See egs.*, State's Mot. to Set Aside Plea, Vacate J. and Sent., filed in 4 cases on Aug. 30, 2023: *State v. Taylor*, Case No. 22-935 (Fla. 14th Cir. Ct.)(docket no. 91); *State v. Patrick*, Case No. 22-1329 (Fla. 14th Cir. Ct.)(docket no. 104); *State v. Stottlemyer*, Case No. 22-1333 (Fla. 14th Cir. Ct.)(docket no. 211); *State v. Elking*, Case No. 22-1340 (Fla. 14th Cir. Ct.) (docket no. 79).

9. Mr. Shelton's case contains significant similarities to these state cases. All defendants were charged with drug crimes. All arrests occurred around the same time. And, to the best counsel could determine, most if not all defendants were ultimately arrested because of warrants, supported by probable cause affidavits authored by Williams, that included information from a confidential informant.

10. Mr. Shelton is within the 1-year time limitation for filing a motion pursuant to 28 U.S.C. § 2255. Mr. Shelton has contacted the undersigned, advised that he lacks the resources to retain counsel, and has completed the financial affidavit, which is attached to this motion as **Exhibit 1**.

WHEREFORE, Mr. Shelton requests this Court to enter an order appointing the Federal Public Defender to represent him to investigate and prepare any appropriate post-conviction motions in his case.

DATE: December 14, 2023

Respectfully submitted,

JOSEPH F. DEBELDER
FEDERAL PUBLIC DEFENDER

*/s/ Joseph F. DeBelder*
JOSEPH F. DEBELDER
Federal Public Defender
Florida Bar No. 193800
227 N. Bronough Street, Suite 4200
Tallahassee, FL 32301
Phone (850) 942-8818
Fax (850) 942-8809
Attorney for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via ECF to Walter Narramore, Assistant United States Attorney, 21 E. Garden St., Ste. 300, Pensacola, FL 32502, this 14th day of December, 2023.

*/s/ Joseph F. DeBelder*
JOSEPH F. DEBELDER